THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, A CORPORATION, *Appellant,* v. JOSEPH MANASSE AND THE DUTTON BANK, A CORPORATION, *Appellees.*

Opinion Filed November 17, 1914.

Where interpleader is properly brought and the claims of all parties are fully presented by the pleadings and evidence, the court should adjudicate the entire matter involved in the cause.

Appeal from Circuit Court for Alachua County; J. T. Wills, Judge.

Decree reversed.

*J. C. Adkins,* for Appellant.

*T. B. Ellis, Jr.* and *W. S. Broome,* for Appellees.

WHITFIELD, J.—The Mutual Life Insurance Company of New York brought a bill of interpleader against Manasse and The Dutton Bank, in which it is alleged that in 1893 the insurance company issued a 20 payment life police of insurance for $3,000.00 upon the life of Joseph Manasse, he being the beneficiary; that in June, 1908, the wife of Manasse was made the beneficiary, if living, if not, to the insured's executors, etc.; that in July, 1908, a loan of $810.00 was made to the beneficiaries; that the loan was never paid; that on June 29th, 1910, Manasse and

his wife executed an assignment of said policy "in which they purported to assign, transfer and set over all of their right, title and interest in said policy  *  *  *  to The First National Bank of Gainesville, Florida," subject to the loan above mentioned; that in June, 1912, The First National Bank "purported to assign, transfer and set over all of its right, title and interest in said policy to the Dutton Bank;" that in November, 1912, the wife of Manasse died; that on May 22nd, 1913, the policy matured with a credit of "a reserve value of $1,302.19, also a cash dividend value of $639.81, making a total cash value of $1,942.00, against which amount there was a lien of $810.00 loaned to the beneficiaries, leaving a net cash value of $1,132.00, which amount is payable; that on May 17th, 1913, Manasse notified the insurance company "in writing that he claimed an equity in the proceeds of said policy, in that he only assigned to The First National Bank of Gainesville, Florida, the dividends accruing under said policy; that he claimed the reserve value of said policy, less the loan of $810.00," and that he would hold the company therefor; that on May 9th, 1913, Manasse and The Dutton Bank made a joint request in writing for a check or draft for the $1,132.00 to be made to them jointly; that a check was so made to them jointly and was returned to the insurance company; that The Dutton Bank has brought an action against the insurance company for the $1,132.00; that the insurance company claims no interest in the fund and is embarrassed, and brings the amount into court and prays for interpleader, and that the mentioned action be enjoined, etc. By amendment it is alleged that on the same day that the policy was assigned to the First National Bank that the said bank and Manasse "made and executed an agreement as to what value or proportion of the said policy was to be

assigned to the said The First National Bank of Gaines-
ville, and that said memorandum agreement appears to
have been executed on the same date as the original as-
signment to The First National Bank herein, * * *;
that a copy of the above agreement was served upon the
complainant herein before the maturity of the policy; and
the complainant herein was notified that said agreement
was in force and effect, and that the said Joseph Manasee
notified the complainant herein that he claimed the Re-
serve Value of and on said 'policy. That the Dutton Bank
took the assignment from The First National Bank with
full knowledge of said agreement being in force." After
demurring to the bill of complaint, The Dutton Bank by
answer denied that it knew or had any notice or knowl-
edge of the agreement between Manasse and The First
National Bank, at the time of the assignment by said bank
to the defendant, or that defendant took said assignment
subject to said agreement. The Dutton Bank further
averred that the request for a check to be made payable
jointly to Manasse and The Dutton Bank, was made at
the request of Manasse; that The Dutton Bank on May
26th, 1913, notified the insurance company, through its
general manager, to have a check for the amount made
to The Dutton Bank. Manasse by answer avers that The
Dutton Bank took its assignment from The First Na-
tional Bank with knowledge of the qualified assignment to
the latter bank and took no rights in the policy except
those held by the first assignee. Replication was filed
and testimony taken. The court at the final hearing held
that the bill of complaint was "insufficient to entitle the
complainant to maintain its bill of interpleader;" and
that upon the evidence the equities are with the defend-
ants. From the decree dismissing the bill, an appeal was

taken by the complainant, and error is assigned on the final decree.

. The question whether The Dutton Bank is a *bona fide* holder for value of a valid assignment of the entire policy and its proceeds is fully presented in this proceeding to which Manassee in a party.  If the Dutton Bank had no notice or knowledge of the agreement purporting to qualify the assignment to the First National Bank it may have title as against Manasse, since the Dutton Bank has an absolute assignment which was in the hands of the First National Bank with the policy, and such assignment made no reference to the agreement.  The loss, if any, resulting from the possession by the First National Bank of the absolute assignment should fall on the one who is responsible for its existence independent of the agreement, rather than upon the Dutton Bank which took in good faith for value the outstanding absolute assignment without knowledge or notice of the agreement, if such is the case.

By analogy to the holding in Sammis v. L'Engle, 19 Fla. 800; Morrill v. Manhattan Life Ins. Co., 183 Ill. 260, 55 N. E. Rep. 656; Enterprise Lumber Co. v. First Nat. Bank of Dothan, —— Ala. ——, 61 South Rep. 930; and to other cases cited in 23 Cyc. 11, 4 Cooley Insurance Briefs, 3816, the allegations of the bill of complaint appear to be sufficient for the purposes of an interpleader. As the issues relative to both claims were fully made up by all the parties and testimony taken upon the issues made, the court was in a position to adjudicate the entire matter so as to be binding upon all the parties without requiring further litigation of any nature. Under these circumstances the decree dismissing the bill of complaint is reversed and the cause is remanded for further proceedings to fully dispose of the entire controversy.

Reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCK-ER, J. J., concur.