SOUTHERN INS. CO. *v.* FORDHAM *et al.*

(Division A. Nov. 18, 1929.)

[124 So. 492. No. 28149.]

**Wynn & Hafter,** of Greenville, for appellant.

C. L. Katzenmeyer, of Vicksburg, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree against a bill of interpleader. The bill alleges, in substance, that the appellant, a corporation doing a life insurance business, issued to Allan Redfield a policy payable to the beneficiary named therein on his (Redfield's) death; that afterwards, and during Redfield's lifetime, the beneficiary was changed, first to Emma Peace, then to Redfield's estate, and finally to Rena H. Fordham. Redfield thereafter died, and Fordham and Peace both claimed the proceeds of the policy, and the appellant is unable to determine which of them is entitled thereto. The money due under the policy was paid into court. The prayer of the bill is that Fordham and Peace be summoned to litigate with each other the right to the money, and that the appellant be relieved from further liability on the policy.

Fordham answered the bill admitting its allegations, and making her answer a cross-bill against Peace, claiming therein the amount due by the appellant under the policy. It appears from this answer and the exhibit thereto that Fordham was not made technically the beneficiary in the policy, but that it was assigned to her by Redfield with the consent of the appellant.

Peace did not answer the bill, but filed a motion for a bill of particulars from the appellant, which motion was sustained, and an order entered requiring the appellant to file all documents and letters in its possession bearing on the changes in the beneficiaries in the policy, and also to file a copy of any duplicate of the policy it may have issued in place of the original. In response to this order, the appellant filed numerous letters written by it, and by the attorneys representing Peace and Fordham, and also a copy of a duplicate policy issued by it, from which it appears that when Redfield requested that the beneficiary in the policy be changed from Peace to his estate, he represented to the company that the original of the policy had been lost, or rather that it was in the possession of Peace and that he was unable to locate her, whereupon an exact duplicate of the policy, stamped as such, was given to him. This duplicate does not show the change of beneficiary from Peace to Redfield's estate.

Peace then filed a motion requesting the court to dismiss the bill of complaint for various reasons. The court sustained the motion, assigning therein, as the reason therefor: "That the bill of interpleader and the bill of particulars does not disclose in the complainant a right to file a bill of interpleader, nor any conflicting claim arising out of a common source, but that in fact it appears that there is one contest between one defendant and the complainant, and an entirely different contest between the other defendant and complainant." The decree sustaining the motion ordered that the money paid into court

by the appellant, and then in the hands of the clerk of the court, "after the payment of costs in this cause to be taxed by the clerk, be held by said clerk to await the final judgment in such suits as may be filed by the above-named defendants."

It seems clear from the record that Fordham and Peace are both asserting a claim to the proceeds of the same policy of insurance issued by the appellant on the life of Allan Redfield, the claim of each being determinable by the validity, vel non, of the assignment of the policy to Fordham, and therefore the case presented by the record is a typical one for a bill of interpleader; consequently, instead of dismissing the bill, the court should have relieved the appellant of further liability on the policy and directed an issue to be made up between Fordham and Peace for the determination as to which of them is entitled to the proceeds of the policy. This being true, it will not be necessary for us to decide whether the court below, after dismissing the bill of complaint, had the right to order its clerk to retain the money paid into court by the appellant to await final judgment in suits to be thereafter filed.

Reversed and remanded.