FLORIDA EAST COAST RAILWAY COMPANY, *Appellant,* v. JAMES L. ENO, et al., *Appellees.*

En Banc.

Opinion filed April 23, 1930.

888

*Robert H. Anderson* and *John B. L'Engle* for Appellants;

*David R. Dunham* and *Lawrence C. Case,* for Appellees.

PER CURIAM.—Upon consideration of this cause on rehearing, it is ordered that the dissenting opinion filed by Mr. Justice STRUM upon the original consideration of this cause on June 28, 1928, reported in 117 So. R. 713, be and the same is hereby adopted as the opinion of the Court upon the matters discussed in that opinion. The former order remanding this cause to the lower court with directions to dismiss the bill is hereby vacated.

A suit in interpleader consists of two major phases. It should first be determined whether the bill will lie. See Lowry v. Downing, on second appeal, 80 Fla. 745, 87 So. R. 65. That phase of the matter may be determined by any of the several methods appropriate to chancery practice for testing the sufficiency of a bill, if the objectionable matter appears on the face of the bill. If any facts exist which are not shown by the bill of interpleader, but which constitute a valid reason why the bill should not lie, they are matters of defense and may be set up by answer, which of course must be supported by proof. If it is found that the bill will not lie, it is useless to go further, and the bill will be dismissed. If it is found that the bill will lie, then the court so decrees, and upon bringing into court the property in dispute the complainant is discharged from further liability, with his costs. The second phase of the matter is then taken up. If the case is ripe for decision between the defendants, as well as between them and the complainant, the court may forthwith settle the conflicting claims of the parties and make a final decree as to all parties at one hearing. If, however, the cause is not then ready for decision as between the conflicting claimants, the court orders that such claimants, who originally are defendants, interplead and litigate the matter in dispute between themselves. Appropriate issues are then made and proof taken, if necessary, between the claimants, and the

contest proceeds between them to determine who is entitled to the subject matter. The latter phase of the matter becomes, in effect, a new and independent proceeding between the claimants alone as adversaries. Wainwright v. Connecticut Ins. Co., 73 Fla. 130, 74 So. R. 8; Lowry v. Downing, *supra;* Sammis v. L'Engle, 19 Fla. 800; Grass v. Memphis (Ala.), 11 So. R. 480; Puterbaugh Pl. & Pr. (6th Ed.) 359; Story's Eq. Pl. (10th Ed.), Sec. 297A.

In its answer, which is directed to the first phase of this controversy, the defendant bank raises certain issues of fact, proof of which would have a material bearing upon the complainant's right to compel an interpleader. Of course, proof does not lie in mere assertion. The presence of such averments of fact in the bank's answer affords no justification for holding that the bill must fail merely because the assertion is made. Such action is premature at that point in the controversy. The complainant is entitled first to test the soundness of the answer in an appropriate manner, and then if issues of fact remain, such issues, and their effect upon the questions of whether the bill will lie, can be decided only after proof. If the proof shows conduct or interest on the part of the railway inconsistent with the requisite status of a complainant in interpleader, it will be fatal to the bill.

It appears from the bill of complaint herein that all parties defendant to this cause claim under James L. Eno. See 117 So. R. 710, 713. The lien claimants are laborers, materialmen and sub-contractors under Eno, who was the principal contractor with the complainant railway in the performance of four separate construction contracts, under each of which a separate and distinct balance is due by the railway, making four separate and distinct funds. The bank is Eno's assignee of all moneys due and to become due from the railway to Eno under all the contracts. The

claims of the assignee bank and of all the lien claimants are adverse to each other, the bank asserting its claim to be superior to all others.

Interpleader will lie when the adverse claims of the defendants are derived through a common source. See the cases hereinafter cited; also Fogg v. Goode, 78 Fla. 138, 82 So. R. 614; Puterbaugh Pl. & Pr. (6th Ed.) 346, 15 R. C. L. 224, 33 C. J. 433.

There is a group of lien claimants as to each of the four funds. All of them claim through Eno. The bank claims all of the funds by assignment from Eno. In respect to each of the funds considered separately, Eno is the common debtor of the bank and the group of lien claimants whose claims apply to that particular fund. Eno and the claimants of each of the several funds, including the bank, are in privity of contract as to the particular fund to which their claim applies. In the absence of disqualifying interest or conduct on its part which would preclude interpleader, the railway, by making each of the five funds the subject of a separate suit, could maintain interpleader between the bank and the lien claimants as to each of the several funds due under the four construction contracts, because as to each of said funds, considered separately, the adverse claims of the bank and the lien claimants are derived through a common source with respect to that particular fund, namely, Eno, the common debtor, with whom all claims are in privity of contract. If each of the four funds were made the subject of a separate suit for interpleader between the claimants of that particular fund, the same situation in principle would be presented as in Lowry v. Downing, on first appeal, 73 Fla. 535, 74 So. R. 525, the bank, as Eno's assignee, occupying Eno's exact position in the matter. As a claimant of the fund, the bank is in privity of contract with Eno, the common debtor of, all the

claimants, and the common source of all claims against each fund.

The railway having joined the four several and unrelated funds in one bill, and the lien claimants having no common interest in all the funds, but only in the particular fund to which their respective lien claims apply, the bill for that reason may be multifarious and might have been subject to a timely objection upon that ground interposed by a party in a position to raise the point. But the question of multifariousness is not before us on this appeal, and the question is not a jurisdictional one. See 117 So. R. 713.

There is no dispute here as to the amount of money the complainant offers to bring into court. In that respect this case differs essentially from Lowry v. Downing, on second appeal, 80 Fla. 754, 87 So. R. 65, wherein it was held that a bill of interpleader would not lie because it was there established, upon proof, that the complainant had first unjustifiably adjusted his own claims against the fund by making certain disputed deductions therefrom, and then sought to compel the defendants to interplead as to the remainder. See also Fogg v. Goode, 78 Fla. 138, 82 So. R. 614.

The mere fact that the bank claims as Eno's assignee does not of itself affect complainant's right to an interpleader. East India Co. v. Edwards, 18 Ves. R. 377; Puterbaugh Pl. & Pr. (6th Ed.) 349. Eno had the right to assign to the bank all moneys due or to become due him under his construction contracts with the railway. Clarkson v. Lauderbeck, 36 Fla. 660, 19 So. R. 887; Tampa etc., R. Co. v. Harrison, 55 Fla. 810, 46 So. R. 592. Such assignment, however, is *cum onere* as to the valid rights of lien claimants theretofore or thereafter perfected. The assignment by a contractor of the balance due or to become due

him under his contract with the owner will not defeat a laborer's or materialman's lien duly perfected before the owner has actually paid the balance to the assignee. Such a lien is enforceable, notwithstanding the assignment, to the extent of the balance due and unpaid by the owner under the contract at the time the lien is acquired. Carter v. Brady, 51 Fla. 404, 41 So. R. 539.

The bank, as Eno's assignee, occupies the same position as did Eno with respect to the moneys, having the same rights, and being subject to the same equities, conditions, and defenses, the assignment not being a negotiable instrument. The mere assignment "of all sums due and to become due the contractor," in and of itself creates no different or other liability of the owner to the assignee than that which existed from the owner to the assignor. Carter v. Brady, *supra;* Bourget v. Donaldson, 47 N. W. R. 326; Carozza v. Boxley, 203 Fed. R. 673; Chicago, etc., Ry. Co. v. Moore, 123 So. W. R. 233, 2 R. C. L. 626, 40 C. J. 312.

It appears by the bill that the railway recognized the existence of Eno's assignment to the bank, as it had a right to do, and pursuant thereto made payments from time to time to the bank that otherwise would have been made to Eno. No notice of lien claims had been served on the railway when such payments were made. Had no assignment been executed by Eno, the railway could have maintained interpleader as between Eno and the lien creditors, provided of course the railway is in the attitude and relation toward the fund requisite to a complainant in interpleader, and has not brought about the controversy by its own acts in dealing with the fund. Since the assignee bank stands exactly in Eno's shoes, the railway is entitled to pursue the same course as between the assignee and the lien creditors. The execution by Eno of the assignment, and the mere recognition by the railway of the assignment, without

anything more, worked no change in the relation or rights of the parties other than to establish the right of the bank to receive payments which would have been due Eno, to the same extent and under the same circumstances that Eno would have otherwise been entitled to them.

The railway was entitled to make payments to the assignee from time to time as such payments would otherwise have been properly payable to Eno. That certain payments were so made would not, in and of itself, prejudice the railway's right to thereafter resort to interpleader when subsequent events brought the claims of the lienors and that of the bank into conflict as to the remaining funds, if the railway in making such payments acted in good faith and within its rights under its contracts with Eno, and if the railway in fact stands indifferent and impartial as to the remaining funds and has not otherwise by its own acts produced the conflict of which it now complains.

The pleadings here do not present a case wherein the owner, after notice of lien claims, has continued to pay money to the contractor, or his assignee, until there remains insufficient funds in the owner's hand to satisfy the lienors, the owner then offering to implead only the actual balance due by him and not the balance due when notices of lien were served upon him by the lien claimants, thus making an issue between the owner and the lienors as to the amount of the fund to be impleaded.

Excluding the question of multifariousness, the bill of complaint, considered solely upon its own allegations, which disclose the facts hereinabove mentioned, present an appropriate situation for interpleader. It becomes necessary, therefore, to consider the order of the chancellor originally assigned as error, namely, the order of March 25, 1927, overruling complainant's exceptions to numerous portions

of the amended answer of the defendant, St. Augustine National Bank, the exceptions being as for ''impertinence.''

It is impracticable to isolate each of the many exceptions and discuss the same separately. The order overruling the exceptions, taken as a whole, is without prejudicial error, as those portions of the answer excepted to will be found free from impertinence upon one or the other, or both, of the following principles applicable to the situation:

First: Where the party seeking interpleader is, with respect to the subject matter of the suit, under a contractual relation with one of the adverse claimants independent of the title or right under which the conflicting claimants are alleged to claim, interpleader will be denied, for in such circumstances the complainant does not stand indifferent. Such independent contractual relation can not be determined in litigation solely between the conflicting claimants, who are made defendants, but must be litigated by the parties between whom such independent relation exists, a circumstance fatal to interpleader. A party complainant can not have an order that two adverse claimants interplead when one question to be tried in determining the defendants' title to the subject matter, is whether or not the complainant, by reason of his own act, is under an independent contractual liability to one of the defendants with reference to the subject matter. See Fogg v. Goode, 78 Fla. 138, 82 So. R. 614.

Second: One seeking the advantage of a bill of interpleader must show not only that he stands indifferent between the claimants and that he is without interest in the controversy between them, but that he is in the position of a mere innocent stakeholder, and that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation upon which he founds his demands for interpleader. When the complainant stands

to either of the other parties in the relation of a wrong doer with respect to the subject matter of the suit, he can not have relief by interpleader. See Montpelier v. Capital Savings Bank, 56 Atl. R. 89; 98 A. S. R. 834; Stephenson v. Burdette, 48 So. E. R. 846, 10 L. R. A. (N. S.) 748; Rauch v. Ft. Dearborn Bank, 79 N. E. R. 273, 11 L. R. A. (N. S.) 545; 33 C. J. 439.

The bank's answer undertakes to set out, amongst other things, that the complainant railway not only recognized the existence of Eno's assignment to the bank, but by its acts and conduct unqualifiedly obligated itself to pay the bank the whole amount of money the railway would owe Eno from time to time, to the exclusion of lien claims that might be subsequently perfected, upon which promise the assignee bank alleges it relied, with the knowledge of the railway, in making the advances to Eno, which constitutes, so the bank contends, an independent obligation on the part of the railway to pay the bank the funds now sought to be impleaded. The answer further alleges in effect that the railway, instead of making payments promptly to the bank as Eno's assignee at the time the payments would originally have been payable to Eno, wrongfully delayed such payments until certain of the lien claims had been perfected, and that if such payments had been made promptly when due, a large portion of the funds now sought to be impleaded would not be affected by the adverse lien claims, so that as to those funds the bank, by its alleged wrong doing, is not entitled to demand an interpleader. Before those allegations can prevail they must of course be proven.

Upon this appeal we do not consider the soundness in substance of the allegations of the answer to present a good defense in bar. We decide only that in view of the principles hereinabove mentioned those allegations of the

answer assailed are relevant and material to the equities involved upon the question of whether or not the bill will lie, and therefore are not subject to exceptions as for "impertinence." In a chancery cause, an exception to portions of an answer as for "impertinence" is not the proper method of testing the sufficiency in substance of the answer as a defense in bar to the bill. If an answer is in substance had as a defense and raises no issue requiring proof of the allegations of the bill, the proper practice is to set the cause down for hearing on bill and answer. Hunt v. Turner, 54 Fla. 654, 45 So. R. 509. Filing exceptions to an answer in chancery as for impertinence is not an equivalent procedure to demurring to a plea in a law action to determine its *sufficiency* as a defense in bar, and the scope of the inquiry is not the same. Such exceptions partake more of the nature of a special demurrer. See Story's Eq. Plead. (10th. Ed.), Sec. 863; Puterbaugh Pl. & Pr. (6th Ed) 174.

If the matter contained in an answer in an equity cause is relevant, or can influence the decision of the suit, either as to the subject matter of the controversy, the relief to be sought, or the costs, that is, if it has any material bearing on the equities asserted in the bill, it is not invulnerable to an exception for impertinence. Holtzendorff v. Terrell, 52 Fla. 525, 42 So. R. 584; Trustees I. I. Fund v. Root, 63 Fla. 666, 58 So. R. 371; Jones v. Hiller, 65 Fla. 532, 62 So. R. 583; Comer v. Yaeger, 75 Fla. 729, 79 So. R. 272; Sec. 4901, C. G. L. 1929; Boca Grande Co. v. Blanding, 77 Fla. 536, 81 So. R. 886; Hunt v. Turner, 54 Fla. 654, 45 So. R. 509.

The interlocutory order appealed from is affirmed and the cause remanded for appropriate proceedings.

TERRELL, C. J. AND WHITFIELD, STRUM AND BROWN, J. J., concur.

ELLIS AND BUFORD, J. J., dissent.