NEW YORK LIFE INSURANCE COMPANY v. C. H. BANCROFT, as Receiver of City National Bank of Miami.

164 So. 515.
Division B.
Opinion Filed December 12, 1935.

*Shutts & Bowen; Joseph F. McPherson* and *L. S. Bonsteel,* for Appellant;

*Carl T. Hoffman* and *L. L. Robinson,* for Appellees.

TERRELL, J.—This case grows out of these facts: Appellant issued a policy of life insurance in favor of Frederick H. Rand, Jr., payable to his estate. The policy was assigned by the insured to the City National Bank of Miami. Rand died in 1934 and appellee, C. H. Bancroft, as receiver of Rand's assignee, brought an action at law against appellant, as defendant below, to recover the proceeds of the policy. Ruth Rand West, the sole surviving heir of the insured, also claimed the proceeds of the policy by right of inheritance under the statute of descents.

In April, 1935, appellant filed its bill of complaint in this cause, naming appellees as defendants, wherein it admitted liability on the policy, disclaimed any interest in the proceeds thereof, tendered the amount due thereon into the registry of the court, and prayed for an order requiring the appellees to litigate their claims to the proceeds of the policy between themselves. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted from that decree.

The sole question with which we are confronted is whether or not the facts as thus stated constitute sufficient basis for interpleader.

The theory on which the equitable remedy by interpleader rests is that several persons claim the same thing or fund held by another, that the stake holder is not a wrongdoer and is willing to bring the common fund into court to determine to whom to pay it, that he should be protected against the conflicting claims of those interested in the common fund, and that the conflicting claimants should be required to litigate their rights to the fund among themselves. 15 R. C. L. 221, par. 2.

A bill of complaint seeking relief by interpleader must allege that the plaintiff is perfectly indifferent to the conflicting claims or claimants, that the same fund is claimed by the several parties against whom relief is sought, that the plaintiff claims no interest in the subject matter, and that all adverse claims are connected or dependent, or that one is derived from the other or from a common source. Fogg v. Goode, 78 Fla. 138, 82 So. 614; Jacksonville Ice & Storage Co. v. South Fla. Farms Co., 91 Fla. 593, 109 So. 212; Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622; 15 Revised Common Law 224, Sec. 6. In Fogg v. Goode, *supra,* we held that when the complainants assert their rights under adverse titles and not in privity, and where their claims are of different natures the bill cannot be maintained.

In view of the law as thus stated the vital and ultimate question here is whether or not the claim of Bancroft and Ruth Rand West to the proceeds of the policy in question is connected or dependent, or whether the one is derived from the other, or from a common source. In other words, is there privity of estate, title, or contract between the claimants.

The claim of Bancroft is based on the assignment of the policy by Rand during his lifetime to the City National

Bank of which he is now receiver. The source of Bancroft's claim is consequently the contract of assignment. The claim of Ruth Rand West, the sole surviving heir of Frederick H. Rand, Jr., is based on inheritance by operation of the statute of descents. Section 3618, Revised General Statutes of 1920, Section 5483, Compiled General Laws of 1927.

While the source of the claim of Ruth Rand West is by inheritance from the insured as his sole surviving heir, if her right of inheritance was cut off by Rand's assignment to the City National Bank, then she has no claim to the proceeds of the policy. So in its final analysis her claim depends on the scope and effect of Rand's assignment to the City National Bank. In this view of the case whether Bancroft or Ruth Rand West has the superior claim to the proceeds of the policy turns on said assignment.

Being so, the title of both parties is connected and derived from a common source. There is privity of estate and title between them and this is ample ground to support relief by interpleader. Atwell v. Western Fire Ins. Co., 120 Fla. 694, 163 Sou. Rep. 27; Southern Insurance Co. v. Fordham, 155 Miss. 445, 124 So. 492; Mutual Life Insurance Co. of New York v. Manassee, 68 Fla. 316, 67 So. 120.

The judgment below is accordingly reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.