HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Appellant,

v.

UNITED STATES of America, BY AND FOR THE USE OF THE FIRST STATE BANK OF DENTON, DENTON, TEXAS, Appellee.

No. 15139.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1954.

---

J. A. Gooch, Fort Worth, Tex., Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, Tex., of counsel, for appellant.

Judge Gambill, Fort Worth, Tex., Joe Skiles, Denton, Tex., Allen, Gambill & Gambill, Fort Worth, Tex., for appellee United States of America by and for the use of the First State Bank of Denton, Denton, Texas.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

HUTCHESON, Chief Judge.

This is a Miller Act suit, Title 40 U.S.C.A. §§ 270a and 270b, brought by the United States as use plaintiff for the benefit of the First State Bank of Denton, assignee of Denton Plumbing and Heating Co., a subcontractor under the Bailey Co., the principal contractor.

The claim was: that on or about July 16, 1951, Bailey and Denton entered into a subcontract for the furnishing of labor and materials at a base price of $39,510 which was later by additions increased to $53,832.90; that on July 20, 1951, the Denton Company assigned the contract to the Denton Bank and authorized the bank to collect and receive the proceeds and benefits thereof and all moneys due therein; that the bank in reliance on said assignment from time to time thereafter made advances to the Denton Company for the prosecution of the work and from time to time received and credited on such advances moneys paid on the subcontract, leaving due the bank by Denton an aggregate indebtedness of $7,102.46; that the bank gave the notice and made the demand required by law; that both Denton and the Bailey Company have failed, and are unable to pay, the bank; and that plaintiff is therefore entitled to recover on the bond the amounts still due upon and on account of the Denton contract.

Defendant, admitting the execution of the bond, denied that the bank was entitled to recover thereon, and further alleged: (1) that Denton Company had had paid to it and for its account all the moneys to which it was or is entitled under the contract with Bailey; and (2) that defendant, as surety on the bond, has in addition paid and become obligated to pay for the use and benefit of Denton Plumbing and Heating Company for material furnished to it on the job $6,800 [1] a sum which more than satisfies and absorbs all claims of Denton Company and more than discharges the balance due it by Bailey Co.

The case coming on to be tried to the court without a jury on the issues joined, the plaintiff offered evidence showing that of the $53,832.90 promised to be paid, and becoming due to Denton Company, $50,846.62 was paid by Bailey to, or on account of, Denton Company, including $35,219 paid to the bank and $15,627.62 paid to other parties on account of Bailey's contract with Denton Company, leaving a balance due and unpaid of $2,986.28.

In addition, plaintiff offered to show that a payment by check No. 903 for $2,100, which had been included in the total credits shown, was wrongfully paid to Denton Plumbing Co. instead of to the bank as had been agreed, while the defendant proved that judgment had been entered against it in favor of Minneapolis-Honeywell, and it had paid the judgment, and that, while judgment had been entered against it in favor of Trane Company, an appeal had been or would be taken therefrom.

The district judge found the credits as testified to by plaintiff's witnesses and that there was a balance due on and by that accounting of $2,986.28. In addition, he found: that the check No. 903 for $2,100, payable to Denton Company, was issued to it after Bailey Company had had notice of the interest of the

---

1. As later broken down in the evidence, this was $598.50 paid to Minneapolis-Honeywell, and $6,221.51, for which Trane Co., a supplier to Denton, had sued and obtained judgment against the surety.

bank and had agreed that payments would be by check payable jointly to Denton Company and the bank; and that this payment should, therefore, not be allowed as a credit as against the bank.

As to the claims asserted by the Surety Company by way of credits, one, the judgment in favor of Minneapolis for $598.58, which the surety had paid, the other, the judgment in favor of the Trane Co. in the United States District Court for the Northern District of Texas, the district judge, while adverting to them in his findings, did not expressly dispose of them, U. S. for Benefit of Trane Co. v. Denton Plumbing & Heating, 123 F.Supp. 881. However, by failing to allow them as offsets or credits and by awarding plaintiff judgment for $5,086.82, the aggregate of the two sums, the $2,986.28 and the $2,100 check above referred to, he in law, rejected them.

The defendant, appealing from the judgment, is here complaining of the action of the court in disallowing as credits the items following (1) the $2,100 check hereinabove referred to; (2) the material claim and judgment of Minneapolis-Honeywell, which it paid; and (3) the material claim and judgment of Trane Company which, unless that judgment is reversed by this court, it must pay.

For the reasons hereafter briefly stated, we find ourselves in agreement with each of appellant's contentions. As to the $2,100 claim, this is the record. After the accountant put on by plaintiff had stated the account between Bailey Company and Denton Company, with the resulting unpaid balance as above stated, plaintiff's counsel picked up, among the items making up the account, a check, No. 903, for $2,100, payable to Denton Plumbing Co., and stated to the court with reference to it:

"If it please the Court, one of the items on this yellow sheet is an item of $2100, and it shows on its face that it is a payment to the Denton Plumbing Co. Now, we will contend that they are not entitled to credit for that against us, because at the time that that payment was made, they had notice that that had been assigned to us by the plumbing company."

Defendant, objecting in effect that there was no proof to support the assertion that the check had been paid to the plumbing company without the consent of the bank, the court stated, "I will carry it along with the case. Unless they connect it up some way, I don't see how they can be admitted". Further saying that the bank could recover only that which Denton could, he stated in substance that in this suit against the surety the bank, as assignee, stands in the shoes of Denton. Notwithstanding these statements and the fact that no other or further evidence was offered as to the check, he gave effect in his findings of fact to plaintiff's contention and disallowed the check as a proper credit.

As to the Minneapolis judgment, the prime, indeed the sole, purpose of the bond was to protect and pay such claims. Under no circumstances could the Denton Company or the bank, as its assignee, in a suit on the bond come ahead of the claim of Minneapolis,[2] or by refusing to credit the amount on the whole sum due could Denton or its assignee require the Surety Company in effect to pay it twice. The Trane Company judgment would have stood in the same case except that, at the time of the trial below, it had not become final and was to be appealed.

In these circumstances, the court should have either deferred judgment in this cause until the issues with respect to the Trane Company claim were finally determined or, if it decided to

2. Cf. O'Neil Engineering Co. v. First National Bank, Tex.Com.App., 222 S.W. 1091; Citizens Nat. Bank at Brownwood v. Ross Const. Co., 146 Tex. 236, 206 S.W.2d 593; Maryland Casualty Co. v. Dulaney Lumber Co., 5 Cir., 23 F.2d 378; Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622, at page 626, 70 A.L.R. 506; Seaboard Surety Co. v. Standard Accident Ins. Co., 277 N.Y. 429, 14 N.E.2d 778, 117 A.L.R. 658.

proceed to judgment, it should have provided for a stay of execution of the judgment until the Trane matter was determined and for a credit thereon if and when the Trane Co. judgment became final against the surety.

In disallowing the $2,100 credit and in proceeding to judgment without taking the two material claims into consideration, the court committed error requiring a reversal of the judgment. The judgment is therefore reversed and the cause is remanded with instructions in the event of another trial to allow as a credit in stating the account the $2,100 check and the Minneapolis judgment and, if and when the Trane judgment, this day affirmed, in cause No. 15116 on the docket of this court becomes final, to allow the amount of that judgment also as a credit.

Reversed and remanded with instructions.