STURGIS, Judge.
Fred S. Conrad Construction Company, defendant below, appeals from a summary final judgment in favor of the plaintiff, The Exchange Bank of St. Augustine (appel-lee).
The appellee bank brought an action at law against appellant and others to recover an alleged indebtedness arising under the following circumstances:
The appellant, a contractor, agreed tó construct for Wise Potato Chip Company a manufacturing plant in St. Augustine, Florida, and later subcontracted to Clement A. Solana certain masonry work on the plant. The subcontract provided in pertinent part:
“The Sub-Contractor agrees to provide the work required to complete and will complete the following described items of work in connection with the erection of Wise Potato Chip Company Manufacturing Plant, St. Augustine, Florida, and will furnish * * * all necessary labor to complete installation of all masonry products.”
^ :f:
“ * * * the payment of the consideration is executory and conditioned upon completion of this contract and completion of the work as above specified.”
* * * * * *
“ * * * the unpaid balance of the price at all times [shall] be sufficient in the judgment of the * * * Contractor, to complete the work and to pay any unpaid liens or claims for which said Contractor is responsible hereunder.”
‡ * * * * *
“No progress payment made under this contract shall be conclusive evidence of the performance of this contract either wholly or in part, and no payment shall be construed to be acceptance of defective work or improper materials.”
Solana then assigned to the appellee bank “all monies due or to become due on that certain contract between * * * [Solana] and * * * [appellant] * * * dated April IS, 1963,” a true copy of which *219 was attached to and by reference made a part of the assignment. Appellant then accepted said assignment and agreed to pay to appellee “all sums due or to become •due Clement A Solana, under its contract * * * dated April 15, 1963.” There was no modification of said subcontract or the contract of assignment.
It was customary at the end of each week for Solana and a representative of appellant to calculate the work done by So-lana during that week and record their computations on a form entitled “Masonry Work Order” which indicated the amount payable to Solana under a caption entitled “This Draw,” and it was Solana’s custom to take this document to the bank and borrow almost the exact amount shown under said item, giving his promissory note therefor. It was customary for the bank to then attach a copy of the “Masonry Work Order” to duplicate copies of a covering form letter and mail same to appellant with a request that it return a copy of the form letter after noting thereon the date received, by whom approved, and the date payment might be expected. It is pertinent at this juncture to note that prior to such mailing the bank in each instance had already consummated its loan to Solana.
Acting pursuant to the bank’s letters, appellant remitted to the bank the amounts indicated as “This Draw” on the first five “Masonry Work Orders” transmitted, but refused to remit funds pursuant to such letters of the bank relating to the next eight “Masonry Work Orders” in point of time, totaling $4,720.00. This amount was admittedly due by Solana to the bank for money borrowed on the strength of said assignment and evidenced by his several 7% promissory notes in favor of the bank.
The appellant, in answer to appellee’s second amended complaint, admitted it had refused to pay the said amount alleged to be due, and asserted that it was withholding said amount in accordance with the terms and conditions of its subcontract with Solana; and appellant also alleged, in substance, that Solana had breached his contract with appellant and that under the terms thereof appellant was entitled to retain such amount as would be sufficient to complete the work subcontracted to Solana in accordance with the terms and conditions of the contract.
It was established at the hearing upon ap-pellee’s motion for summary judgment that Solana defaulted in his contract with appellant, who got another masonry contractor in to finish the job, and that the resulting cost to appellant exceeded the amount retained by it under the subcontract with Solana.
Appellant’s motion for leave to file a counterclaim against the appellee was denied.
By this appeal we are called on to decide : First Whether the trial court erred in holding appellant liable to the appellee bank pursuant to Solana’s assignment of “monies due or to become due” to Solana under his subcontract with appellant, to which the assignment was subject, and where it appears that in the absence of such assignment Solana would unquestionably be liable to appellant for damages suffered by virtue of Solana’s admitted default under the contract and that appellant would have been entitled to withhold the subject payments to Solana and to apply the same on account of the damages sustained by Solana’s default.
It is fundamental that the assignee of a contract or non-negotiable chose in action occupies the same position as its assignor and is subject to the same equities, conditions and defenses that could have been asserted against the assignor. Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622, 626, 70 A.L.R. 506 (1930); Birmingham Trust & Savings Co. v. Jackson County Mill Co., 41 Fla. 498, 27 So. 43, 45 (1899); 3 Fla.Jur., Assignments, Sec. 25. These principles were applied in Geo. G. Tapper Company, Inc. v. Bank of Fort Walton, 117 So.2d 8 (Fla.App.1959), *220 holding that the contractor’s liability to the assignee bank was limited to the balance of the approved estimates of amounts payable to the subcontractor, less all amounts for which the subcontractor was liable to the contractor under the terms of the contract; and referring to a letter of the contractor to the bank recognizing the assignment, upon which the bank relied to fix liability, we observed that the only efficient method by which the bank could ascertain what funds would be available to the subcontractor and in turn applicable to the discharge of the promissory notes held by the bank was by having reference to the subcontract proper, and in that connection said:
“As that document plainly detailed the factors upon which the progress payments (‘estimates’) were based and the time when they became due and payable, and subjected them to the above-quoted provision which clearly imposed a charge against those payments in favor of the Tapper Company, it follows that the words employed in the letter, ‘due them based on their subcontract,’ in common parlance assume a special significance when considered in the light of the rule that the entire transaction, rather than isolated parts of it, must be taken into account in determining the over-all purpose and effect. Canal Lumber Co. v. Florida Naval Stores & Mfg. Co., 1922, 83 Fla. 501, 92 So. 279. So considering the entire transaction, we are forced to the conclusion that the letter amply identified the contract, that it hinged the commitment of the writer to the over-all provisions of the contract, that the appellee-bank had advance notice of appellant’s prior and reserved rights under the contract, and that appellant’s commitment to appellee rendered it liable to the latter only to the extent of the balance, if any, of the progress payments (‘estimates’) after appellant had deducted therefrom the amounts payable to the appellant under the quoted provision of the contract.”
In the case on review appellant's acceptance of the assignment and agreement “to pay all sums due or to become due Clement A. Solana, under its contract with him” (emphasis added) neither enlarged nor added dignity to appellee’s rights as assignee of the contract, a copy of which was made a part of the assignment given to the appellee. Appellant’s commitment, therefore, was subject to the over-all provisions of the subcontract with Solana in the same sense as the contractor in Geo. G. Tapper Company, Inc. v. Bank of Fort Walton, supra.
Appellee strongly relies on Florida Builders, Inc. v. Florida Nat. Bank & Trust Co. at West Palm Beach, 161 So.2d 248 (Fla.App.1964), but appellant insists and we agree that said case is not in point The decision therein does not indicate that the court was confronted with a situation where, as in this case, payments to the as-signee were conditioned upon completion of the work called for by the contract, nor does it appear that the assignee had notice of the terms and conditions of the contract giving rise to the rights assigned, or that the contractor’s acceptance was limited to payments due under the contract. Appel-lee asserts that a research of the court file in said case develops overwhelming similarities between the facts there involved and those in the case on review. That type of research is not required of counsel and has no value as precedent, which depends solely upon what may be gleaned from the reported decision.
The facts adduced on the motion for summary judgment in this cause conclusively demonstrate that appellant had a contractual right to withhold all payments accruing to Solana if in its judgment there were not sufficient funds in its possession to complete the work called for by said subcontract. The proofs submitted by appellant reveal that in order to complete Solana’s subcontract appellant found it necessary, by reason of Solana’s abandonment thereof, to expend more than it had *221 retained tinder said provision. This presents a clear issue of fact as to whether appellant breached the contract or abused its right to withhold funds due Solana thereunder.
Appellee contends, inter alia, that the proofs demonstrate that appellant is es-topped to deny appellee’s claim of right to recover the amounts it loaned to Solana on the basis of “This Draw” specified on the weekly “Masonry Work Order” forms indicating the labor performed by Solana and accepted by appellant. In support of this contention appellee insists that it relied upon such statements in making the advancements to Solana, that appellant had accepted and delivered Solana’s labor to Wise Potato Chip Company (the owner for whom the plant was constructed), and that Solana’s labor for which said weekly mem-oranda were given did not have to be redone, torn out, or otherwise changed; further, that appellant “probably made draws periodically against the final prime contract price of which Solana’s labor was a part.” This argument is specious because, assuming these matters to be uncontra-dicted, it does not follow that under other facts, which are contradicted, there exists no issue of material fact to be resolved by the jury.
The fact that appellant had on the initial five occasions it received from ap-pellee the covering letter and request remitted to appellee the amounts stated in the accompanying “Masonry Work Order” as “This Draw” is incompetent in itself to establish as a matter of law any obligation on the part of appellant to renounce its rights under the contract with Solana. We find nothing that would have prevented the appellee from committing the appellant to an unconditional obligation to remit such payments had it chosen to exact that requirement as a condition to making the subject loans to Solana. Moreover, it clearly appears that the advances to Solana were not made in the light of any pre-existing obligation of appellant to make such remittance, but solely on the strength of the contract of assignment and acceptance, both of which were made subject to appellant’s subcontract with Solana, which permitted appellant under the facts before the court on the motion for summary judgment to retain the funds which appellee seeks to recover.
An established custom or trade usage respecting a commercial transaction may annex incidents to a written contract, and a contract involving such a transaction should be interpreted in the light of such custom or usage. Carr v. Stockton, 84 Fla. 69, 92 So. 814 (1922). The responsibility for deciding facts presented as to such custom or trade usage is normally one to be submitted to a jury rather than to be determined by a court in summary proceedings such as was had in the instant cause. The facts presented here going toward such custom or trade usage clearly fall within the jury province and upon proper instruction should be submitted to the jury upon trial of the issues.
We have considered the second point presented by appellant and find that the trial court was not in error in refusing to permit appellant to file the subject counterclaim.
For the reasons stated, the summary judgment appealed is reversed and this cause is remanded for proceedings consistent herewith.
RAWLS, C. J., concurs.
WIGGINGTON, J., dissents.