355 F.2d 73
 Cecil NICKELL, d/b/a Cecil Nickell Construction Company, and
United Benefit Fire Insurance Company of Omaha,
Nebraska, Appellants,
v.
UNITED STATES of America for the Use and Benefit of D. W.
FALLS, INC., and Texas Vitrified Pipe Company, Appellees.
 No. 8060.
 United States Court of Appeals Tenth Circuit.
 Jan. 14, 1966.
 
 Paul A. Phillips, Albuquerque, N.M., for appellants.
 Owen B. Marron, Albuquerque, N.M. (Marron & Houk, Albuquerque, N.M., with him on the brief), for appellee, D. W. Falls, Inc.
 Lon Sailers, Dallas, Tex. (Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Tex., with him on the brief), for appellee Texas Vitrified Pipe Co.
 Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This is an appeal from a judgment in a Miller Act case, 40 U.S.C.A. 270a-270d, in which the United States District Court for the District of New Mexico gave judgment in favor of the use plaintiff, D. W. Falls, Inc., against the defendants, Cecil Nickell, d/b/a Nickell Construction Company, and his surety, United Benefit Fire Insurance Company, in the amount of $16,184.83. Defendants also appeal from the court's dismissal of defendants' Third Party Complaint against Texas Vitrified Pipe Company.
 
 
 2
 D. W. Falls, Inc. brought this action to collect on accounts receivable assigned to it by C. H. Ward, d/b/a Regional Supply Company. These accounts were due from Nickell Construction Company for pipe supplied to it for use in a Government contract for the construction of a sewer at Zuni Pueblo, New Mexico. It appears that money had been advanced to C. H. Ward for use in his business by D. W. Falls through the latter's corporation. That money was used to purchase inventory for particular contracts, and by agreement, Falls was to be returned the principal amount plus a fixed dollar amount to be taken from the profits of the contracts within an agreed time. However, over the course of some fifty transactions, the principal plus the interest earned were made available to Ward on a continuing basis, and at the time of the assignment here involved, D. W. Falls, Inc. was a creditor in the amount of about $87,000.00. As security for this debt, on May 9, 1961, Ward assigned several accounts receivable, among which were those of Nickell Construction Company. The assignment of Nickell Construction Company receivables, a copy of which was sent to it by registered mail on May 10, 1961, and receipted for by an agent of the company, was in the following form:
 
 
 3
 'Assignment and Power of Attorney
 
 
 4
 'For value received, the undersigned, C. H. Ward, d/b/a Regional Supply Company, assigns and sets over to D. W. Falls all sums due on the date hereof or to become due to the undersigned from Nichols Construction Company, not to exceed $30,000.00, with full power and authority to receive and receipt for said amounts, to release said Nichols Construction Company from its obligations to the undersigned, and to enforce payment of said amounts to the extent that the undersigned could do, with full power of substitution in the premises.
 
 
 5
 'Dated this 9th day of May, 1961
 
 
 6
 'C. H. Ward, d/b/a Regional Supply Company.'
 
 
 7
 By cover letter sent to Nickell Construction Company with the assignment, it was acknowledged that the assignment was in addition to and subsequent to Ward's assignment of specific invoices to the Albuquerque National Bank as collateral for a $25,000.00 loan to him. The bank later brought suit on those invoices prior to the present action, but the suit was dismissed with prejudice with a finding that the invoices were fictitious.
 
 
 8
 Ward purchased the pipe he sold to Nickell from Texas Vitrified Pipe Company, the third party defendant, on an open account which became past due. By arrangement with the latter's credit manager, Nickell Construction Company paid $16,184.83 to Texas Vitrified Pipe Company as a creditor of Ward. This payment was made subsequent to the receipt by Nickell Construction Company of the above assignment to Falls. After having received the check, Texas Vitrified Pipe Company obtained a Texas judgment against the Estate of C. H. Ward in the amount of.$23,939.51, then it filed a garnishment action in Texas against Nickell Construction Company to which the latter answered, and judgment was had for $16,152.02.
 
 
 9
 The present action was brought after the garnishment, and a third party complaint was lodged against the pipe company alleging that the third party defendant had agreed to hold Nickell harmless from any claims by an assignee of Ward. The court, however, granted a motion for judgment to the third party defendant finding that the Texas judgment was entitled to full faith and credit. It concluded that the judgment in the garnishment action was valid on its face and was binding on the parties; there was no fraud involved in that action; and the showing that the third party plaintiff had no cause of action was not controverted by competent evidence.
 
 
 10
 In general terms, the appellants make the following arguments on appeal: (1) The trial court erred in concluding that Nickell Construction Company and its surety were liable to D. W. Falls, Inc. on the assignment of a claim for materials assigned to Ward; (2) the court erred in dismissing the third party complaint against Texas Vitrified Pipe Company; and (3) the judgment rendered was excessive.
 
 I.
 
 11
 It is apparent that under the Miller Act (40 U.S.C.A. 270a) the protection of the payment bond is available to a party to whom is assigned the debt of the prime contractor, and who gives proper notice. United States for the Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776; United States for Use and Benefit of Gefen v. Conn, 19 F.R.D. 274 (E.D.S.C.); United States for Use and Benefit of Wolther v. New Hampshire Fire Ins. Co., 173 F.Supp. 529 (E.D.N.Y.).
 
 
 12
 Appellants argue, however, that Falls' right of recovery must be determined as of the time of the suit and is dependent on whether or not Ward, as assignor, could have recovered at that time. It is argued that at the time of the suit recovery by Ward was foreclosed by the garnishment, and recovery by Falls was not proper. It is not shown, however, that the Miller Act in any way varies the generally accepted principles of law governing the assignment of claims including the rule that the assignee takes the rights of the assignor, and the assignment neither improves nor diminishes the value or validity of those rights. American Cas. Co. of Reading, Pa. v. Line Materials Industries, 332 F.2d 393 (10th Cir.), cert. den. 379 U.S. 960, 85 S.Ct. 646, 13 L.Ed.2d 555; Empire Petroleum Co. v. Sinclair Pipeline Co., 282 F.2d 913 (10th Cir.); 6 C.J.S. Assignments 99. The assignee takes subject to all defenses and equities good against the assignor at the time of the assignment. Thus it is the time of the assignment which determines the rights of the assignee, and not the time of the suit. A debtor who pays the assignor with notice of the assignment is of course not absolved from liability to the assignee. Wolters Village Management Co. v. Merchants & Planters National Bank of Sherman, 223 F.2d 793 (5th Cir.); First State Bank of Jacksonville v. Pure Van Pipe Line Co., 77 F.2d 820 (5th Cir.); Jones v. Martin, 41 Cal.2d 23, 256 P.2d 905; 6 C.J.S. Assignments 98.
 
 
 13
 The appellants base their argument on an opinion of the Fifth Circuit in Houston Fire & Cas. Ins. Co. v. United States, ex rel. First State Bank of Denton, 217 F.2d 734 (5th Cir.), but it is by no means clear from that case that the general principles stated above were held inapplicable to assignments in Miller Act cases.
 
 
 14
 Assuming the validity of the assignment and the effectiveness of the notice sent to Nickell Construction Company, the court was correct in the conclusion that neither Nickell nor its surety were relieved of liability to appellee by the garnishment payment.
 
 
 15
 Appellants also attack the validity of the assignment itself on the theory that the assignment was only partial, by reason of the prior assignment to the bank, and as such it is cognizable only in equity. Appellants then assert various defenses against enforcement in equity. It is apparent, however, that the words of the assignment are legally sufficient. To be enforceable in law, an assignment must manifest an intention to assign and must describe the subject matter with sufficient particularity to render it capable of identification and this it does. Russell v. Texas Consolidated Oils, 120 F.Supp. 508 (D.N.M.). The reference in the assignment to certain invoices transferred to the bank did not make the present assignment a partial one. The sums due could be easily identified as those due on invoices other than those assigned to the bank. In addition, the subsequent law suit barred recovery by the bank, thus the assignment was effective to transfer the total amount due on invoices of Regional Supply Company. The assignment, therefore, is sufficient in law as the trial court concluded. Nor is the assignment invalid, as appellants argue, for the misspelling of the name 'Nickell' as 'Nichols' in the assignment. The misspelling is not a material variance due to the similarity in sound and spelling. 65 C.J.S. Names 14. There was no evidence the appellants were misled by the misspelling.
 
 
 16
 Appellants next argue that the notice of the assignment was not effective. However, the trial court's finding that the notice was sent by registered mail to Nickell Construction Company and was received by an authorized agent is supported by substantial evidence. We agree with the trial court's conclusion that the notice was effective.
 
 II.
 
 17
 The trial court granted the third party defendant's motion for judgment under Rule 56(b), F.R.Civ.Proc., on the ground that the judgment of the Texas court on the garnishment action made the issue involved in the third party complaint res judicata. The motion below was filed after an answer to the third party complaint, and was accompanied by a certification of the judgment of the Texas court in the garnishment action. The third party plaintiffs filed no sworn response to the motion, although an unsworn response was filed by their attorney. Based on the record as it appeared, the trial court concluded that the judgment of the Texas court was binding and could not be collaterally attacked and we agree.
 
 
 18
 It is apparent that the evidence, as presented to the trial court, showed that there was no genuine issue of fact to be resolved. The record at the time of the judgment on the motion for summary judgment established that the third party defendant was entitled to the motion as a matter of law.
 
 III.
 
 19
 Finally, the appeallants argue that the court's judgment is excessive in that it includes an amount payable on an invoice which had been previously assigned to the Albuquerque National Bank.
 
 
 20
 Appellants complain of the inclusion of invoice No. 398 in the amount of Falls' recovery on the theory that the invoice was not fictitious and was assigned to the bank. It is true that the invoice is mentioned in the bank's complaint and in Ward's letter of transmittal to Nickell Construction Company which accompanied the copy of Ward's assignment. The record shows that the bank's suit was dismissed with prejudice following a motion to reopen the case after both parties had rested. The mention of the assignment of invoice No. 398 in the complaint and letter is by no means conclusive evidence that it was in fact assigned. Further, the dismissal of the bank's suit with prejudice is conclusive of the issue of Nickell Construction Company's liability to the bank. Therefore, the appellant's contention is not established in the record.
 
 
 21
 Affirmed.