PEARSON, Judge.
This interlocutory appeal is from a post-judgment order which denied a motion by the City of Miami Beach, defendant below, to disburse funds deposited in the registry of the circuit court by the Montmartre Hotel after the entry of final judgment in this cause.
The hotel had received permission of the court to deposit into the registry of the court during the pendency of the cause tax money it had collected in accordance with a City of Miami Beach ordinance. After the entry of final judgment, the hotel continued to make tax money deposits into the trial court registry, despite the fact that the deposits were the property of the City of Miami Beach, The trial judge denied the city’s motion apparently upon the basis that, an appeal having been taken, he no longer had jurisdiction to make any order in the cause.
Under the circumstances outlined, the Montmartre Hotel had no right to deposit funds in the registry of the court after the entry of final judgment, and the clerk accepted the money mistakenly. Since a party granted relief pursuant to a bill of interpleader has the duty to deposit into the registry of the court those funds it possesses which are the subject of conflicting claims, it follows that the party has neither the duty nor the right to deposit into the court registry funds it possesses which do not belong to it and which are not the subject of conflicting claims. See Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622, 625, 70 A.L.R. 506 (1930). Nevertheless, once the money was accepted for deposit in the registry of the court, it became subject to the order of the court. The trial judge should have ordered the post-final judgment deposits of tax money to be paid to the City of Miami Beach. The trial judge’s right to order such payment was in no way affected by the city’s appeal from the final judgment. This is true because the money was not deposited by the hotel pursuant to the final judgment or any right thereunder. See Crichlow v. Maryland Casualty Co., 116 Fla. 226, 156 So. 440, 443, 159 So. 899 (1934).
We therefore reverse the interlocutory order denying the city’s motion with directions to the trial court to grant the motion and to enter an order directing the clerk to pay to the City of Miami Beach all money deposited after the date of entry of the final judgment.
Reversed and remanded with directions.