PER CURIAM.
This is an appeal by the plaintiff Radio South Dade, Inc. [who is the assignee of a judgment obtained by Manuel Arques against the defendant Ramiro Marrero in a suit on a promissory note] from a post-judgment trial court order satisfying the subject judgment, although admittedly the defendant has not paid on the judgment. We reverse the post-judgment order under review and remand the cause to the trial court with directions to allow the plaintiff to pursue judgment execution proceedings against the defendant. The plaintiff as-signee in these supplementary proceedings stands in the shoes of the judgment creditor Manuel Arques and, as such, succeeds to such creditor’s rights — which necessarily include the right to execute on the subject judgment. Florida East Coast Ry. v. Eno, 99 Fla. 887, 894, 128 So. 622, 626 (1930); City Nat’l Bank of Coral Gables v. H. & B. Constr. Corp., 183 So.2d 704 (Fla. 3d DCA 1966); 4 Fla.Jur.2d Assignments § 16 (1978).
It is undisputed that the judgment creditor Manuel Arques’ rights to collect on the subject judgment were in no way affected by a prior action brought by Radio South Dade, Inc. to collect on another promissory note and to foreclose on the property securing that note, which property also secured the promissory note sued upon in the instant case. Absent some showing of fraud or equitable estoppel, it is plain that the assignment of the subject judgment by the judgment creditor Manuel Arques cannot affect the rights of the judgment creditor’s assignee [the plaintiff herein] to collect on the said judgment — as said assignee indisputably succeeds to the rights of the judgment creditor. Contrary to the defendant’s argument, we conclude that the plaintiff committed no fraud on the defendant or *4 anyone else in this case, and, accordingly, may execute on the subject judgment.
Reversed and remanded.