**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VALLEY ASPHALT, INC., a Utah
corporation,

      Plaintiff - Appellant,

  and

BCFM, INC., a Nevada corporation, d/b/a
Z-Rock,

      Plaintiff - Counter-Defendant,

v.

STIMPEL-WIEBELHAUS
ASSOCIATES, a California corporation;
RELIANCE INSURANCE COMPANY, a
Pennsylvania corporation,

      Defendants - Counter-Claimants -
      Appellees,

  and

NASEEM A. CONDE; THOMAS W.
SMITH; LORRAINE MEWHIRTER,

      Defendants - Counter-Claimants.

No. 00-4000
(D.C. No. 98-CV-252)
(District of Utah)

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE** and **PORFILIO**, Circuit Judges; and **MARTEN,**[**] District Judge.

---

Valley Asphalt, Inc., appeals from summary judgment dismissing all its claims against Stimpel-Wiebelhaus Associates (SWA). Valley claims the district court did not apply correct legal standards to its decision, relying on state law of accord and satisfaction rather than federal law concerning standards for suits brought under the Miller Act, and genuine issues of material fact make summary judgment inappropriate. We affirm.

This court reviews a grant of summary judgment *de novo*, applying the same legal standard employed by the district court. *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 745 (10th Cir. 1999). We examine the record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Id*.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable J. Thomas Marten, United States District Court Judge, District of Kansas, sitting by designation.

The parties are well aware of the facts.  We, therefore, find no need to set them forth in this disposition.  Nonetheless, it is evident to us this appeal comes before us simply because of a confusion between the doctrine of accord and satisfaction and the doctrine of waiver.  That confusion resolved, the appropriate result is easily achieved.

Valley's appeal rests on its reliance upon authority dealing with waiver in the context of the Miller Act.  While that authority is unimpeachable in the context in which it arises, it has no application in this case for a fundamental reason.  After depositing the SWA check that had been tendered in full payment of a disputed amount, Valley had no right of action to waive.  In oral argument, counsel for Valley conceded if the Miller Act had no application here, the district court correctly ruled on the law of accord and satisfaction.  What counsel refused to concede was the accord did not extinguish Valley's claim for additional amounts or that the amount due it resulting from the accord was satisfied upon deposit of the check.  Therein, however, lies the rub, for the doctrine of accord and satisfaction mandates that result.

Moreover, it is unquestionable the rules of accord and satisfaction are applicable to cases brought under the Miller Act just as in other commercial litigation.  *See Hoeppner Constr. Co. v. United States*, 273 F.2d 835 (10th Cir. 1960), and *J.F. White Eng'g Corp. v. United States*, 311 F.2d 410 (10th Cir. 1962).  Indeed, the Miller Act does not replace generally accepted principles of commercial litigation, *F.D. Rich Co. v. Industrial*

*Lumber Co.,* 417 U.S. 116, 130 (1974); *Nickell v. United States,* 355 F.2d 73, 76 (10th Cir. 1966).

In its brief, Valley argues even under the rules of accord and satisfaction, genuine issues of material fact exist here to make summary judgment improper. Valley argues there is enough manifestation of its intent not to accept the final payment in its correspondence with SWA to present a genuine question of material fact. We disagree.

The elements of accord and satisfaction are simple and clear. There must be: 1) a bona fide dispute over an unliquidated claim amount; 2) a check tendered in full settlement of the claimed amount; and 3) acceptance of the payment. Valley does not dispute the existence in this case of the first two elements. Utah precedent, federal precedent, and commentators have all made clear retention of a check offered as payment in full constitutes assent to the accord and satisfaction even if the recipient of the check notifies the sender it is accepted only as a partial payment. *See, e.g., Estate Landscape v. Mountain States,* 844 P.2d 322 (Utah 1992); *Marton Remodeling v. Jensen,* 706 P.2d 607 (Utah 1985); *Teledyne Mid-America Corp. v. HOJ Corp.,* 486 F.2d 987 (9th Cir. 1973); *Hoeppner Constr. Co. v. United States*, 273 F.2d 835 (10th Cir. 1960); *Restatement (Second) of Contracts,* § 281, Comment d; *6 Corbin, Contracts* § 1279 (1962). In other words accord and satisfaction "does not necessarily involve mental assent." *Hoeppner*, 273 F.2d at 837.

We believe the district court correctly granted summary judgment. Its judgment is therefore **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge