WILLIE M. LOWRY et al., Appellants, v. DOWNING MANU-FACTURING COMPANY, A CORPORATION et al., Appellees.

Opinion Filed November 29, 1920.

Petition for Rehearing Denied December 19, 1920.

1. One of the essential elements to entitle a person by bill of interpleader to be discharged from obligation to persons claiming any part of a fund in his hands who is doubtful as to whom it should be paid, is that he has no interest in the litigation, and only seeks to be relieved of the danger of being molested by the conflicting rights of others among themselves.

2. If the answer to a bill of interpleader denies the allegation in the bill of the amount the complainant alleges that he has in his hands which he is ready to turn over to the court to be litigated among the defendants, the complainant should be put to his proof before the case is ready for a decree as to whether the respondents should be required to interplead, and if the court finds that the complainant has in his hands a sum in excess of the amount which he offers to pay into court, he should be denied the relief prayed and the bill dismissed.

3. There can be no bill of interpleader, or bill in the nature of a bill of interpleader, when the defendants contest and litigate with the plaintiff himself as to the validity and allowance of a claim set up by himself.

4. When the answer denies the facts upon which the bill depends as a bill of interpleader, the plaintiff is put to his proof before the case is ready for a decree as to whether the respondents should be required to interplead.

5. If the complainant in a bill of interpleader has an interest in the litigation other than to have the fund properly applied or paid to the proper party, the interpleader will not be allowed.

6. A complainant in interpleader cannot adjust his own claims against the matter in controversy, and ask the defendants to interplead as to the remainder.

7. If the amount brought into court is not the difference between the payments and the contract price, but the result of complainant's own adjustment of deductions he thinks should be made, the defendants are entitled to show that in their answers, and while the amount is not an issue to be settled by decree in a strict interpleader, it may be inquired into to ascertain whether complainant can maintain the suit.

8. There can be no lien against the separate statutory property of a married woman for labor done or materials furnished by sub-contractors in the erection of a building on her separate statutory property, with whom she was not in privity.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*Hilton S. Hampton,* for Appellants;

*E. B. Drumright* and *A. B. McMullen,* for Appellees.

BROWNE, C. J.—Willie M. Lowry, joined by her husband, S. M. Lowry, brought bill of interpleader against D. C. Walker, with whom they had a contract to furnish all labor and material for the erection and construction of a dwelling house on the separate statutory property of Willie. M. Lowry, and against the other defendants who performed labor and furnished material for the erection of the building. The complainants acknowledged an indebtedness to Walker in the sum of $584.00. The bill contained the essential averments of a bill of interpleader. Decrees *pro confesso* were entered against three of the defendants and the others filed answers. Some of the defendants denied the allegations of the bill that $584.00 represented the balance due upon the contract, and averred that the complainants were indebted to D. C. Walker, the contractor, a sum of money in excess of the amount alleged in the bill and that such sum equals or exceeds the sum of $1,500.00.

The answer of another of the defendants denies that $584.00 is all that is due the contractor from the complainants, and avers that the amount due him is about $2,000.00.

The answer of D. C. Walker, the contractor, also denies that the complainants are indebted to him only in the sum of $584.00, but avers that Willie M. Lowry is indebted to him in the sum of $1,803.00, "less such sums as were necessarily paid in and about the final completion of the work, amounting to not more than $50.00."

A special master was appointed to take testimony upon the issues made by the pleadings, and upon the coming in of his report, the chancellor rendered his decree in which he found Willie M. Lowry to be a married woman; that

the property on which the building had been erected was her statutory separate estate; that the contract price for the construction of the building was $8,650.00, and that they had paid him the sum $6,847.00, leaving $1,803.00 in the hands of the complainant. He further found that the complainants had "not sustained their bill, nor shown themselves to be innocent stake holders of the fund tendered into court, but are claimants for certain credits as against the contract price for the construction of said building and claim allowance for certain expenditures which were not part of the contract."

The chancellor thereupon adjudged and decreed that "the complainant, Willie M. Lowry, or some one in her behalf, do pay into the registry of the court within a space of thirty days from date hereof the said sum of $1,871.52, together with costs of this suit to be taxed by the clerk of this court, and in default whereof the said sum, together with costs to be taxed herein by the clerk, is decreed to be a specific lien and charge against the separate statutory estate of the said complainant, Willie M. Lowry, and specifically against the said premises hereinbefore described, viz: Lots 8 and 9 of Beach Place, according to map of plat thereof on record in the office of the clerk of the circuit court of Hillsborough County, Florida, and that the said premises be sold to satisfy this decree."

A bill of interpleader is defined to be, "a bill exhibited where two or more persons severally claim the same debt, duty or thing from the complainant under different titles or in separate interests; and he, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt or duty or deliver the property, is either molested by an action

brought against him or fears that he may suffer injury from their conflicting claims, and therefore prays that they may be compelled to interplead, and state their several claims so that the court may adjudge to whom the matter or thing in controversy belongs." 23 Cyc. 3.

One of the essential elements to entitle a person to be discharged from obligation to persons claiming any part of a fund in his hands who is doubtful as to whom it should be paid, is, that he has no interest in the litigation, and only seeks to be relieved of the danger of being molested by the conflicting rights of others among themselves. If the answer denies the allegation in the bill of the amount the complainant alleges that he has in his hands which he is ready to turn over to the court to be litigated among the defendants, the complainant should be put to his proof before the case is ready for a decree as to whether the respondents should be required to interplead, and if the court finds that the complainant has in his hands a sum in excess of the amount which he offers to pay into court, he should be denied the relief prayed and the bill dismissed.

The rule is thus stated in Grass v. Memphis & C. R. Co., 96 Ala. 447, 11 South. Rep. 480: "There can be no bill of interpleader, or bill in the nature of a bill of interpleader, when the defendants contest and litigate with the plaintiff himself as to the validity and allowance of a claim set up by himself. Such a rule is at variance with the very nature and purpose of a bill of interpleader. Under such circumstances, the complainant has a personal interest in the result of the suit, directly antagonistic to that of respondents. * * * When the answer denies the facts upon which the bill depends as a bill of interpleader, the plaintiff is put to his proof before the case is

750      SUPREME OCURT OF FLORIDA.

ready for a decree as to whether the respondents should be required to interplead."

In the instant case the chancellor found that the complainants had in their hands a sum of money considerably in excess of the amount they offered to pay into court. Upon that finding, the bill should have been dismissed.

If the complainant in a bill of interpleader has an interest in the litigation other than to have the fund properly applied or paid to the proper party, the interpleader will not be allowed. Southwestern Telegraph & Telephone Co. v. Benson, 63 Ark. 283, 38 S. W. Rep. 341.

The testimony discloses that the complainants claimed the right to deduct from the amount remaining unpaid to the contractor the sum of $727.00, the premium on a life insurance policy taken out by Walker through S. L. Lowry, who is an insurance agent. Walker in his testimony denied the obligation, and Lowry's right to deduct it from the balance due him.

It seems well settled that a complainant cannot adjust his own claims against the matter in controversy, and ask the defendants to interplead as to the remainder. Southwestern Telegraph & Telephone Co. v. Benson, supra.

It has been held that if the amount brought into court is not the difference between the payments and the contract price, but the result of complainant's own adjustment of deductions he thinks should be made, the defendants are entilted to show that in their answers, and while the amount is not an issue to be settled by decree in a strict interpleader, it may be inquired into to ascertain whether complainant can maintain the suit. Williams v. Matthews, 47 N. J. Eq. 196, 20 Atl. Rep. 261.

In the case of Diplock v. Hammond, 2 Sm. & Giff. 141, text 145 (65 Full English Reprint, 339), there was a dispute over the amount of the fund. The plaintiffs in the interpleader suit admitted having in their possession 365 pounds, but claimed certain allowances and prayed that the defendants interplead as to the balance, amounting to 325 pounds. The Vice Chancellor said: "I think the circumstance, that this question is raised as to the amount of the fund, deprives them of the right to maintain this as an interpleader suit. Sir J. Leach held that a claim by the stake holder to deduct from the fund in his hands a small sum for warehouse rent prevented him from maintaining a bill of interpleader."

In another English case, Mitchell v. Hayne, reported in 2 Simonds and Stewart 63 (1 Eng. Ch. 63), an auctioneer sold an estate for one of the defendants, and another defendant, the purchaser, commenced an action against him for the deposit of the purchase money. The auctioneer filed a bill of interpleader offering to pay into the court the purchase price of the land in his hands, and claimed against both defendants the right to retain his commission and the auction duty, and called upon the defendants to interplead for the balance which he desired to pay into court. It was held that he could not maintain his action if he insisted upon retaining either his commission or the duty.

It seems quite clear that a differense between the debt claimed and the sum the complainant is willing to pay presents an insuperable objection to the prosecution of a bill of interpleader. Glasner v. Weisberg, 43 Mo. App. 214; Willetts v. Finlay, 11 How. Pr. (N. Y.) 468; Baltimore & Ohio R. R. Co. v. Arthur, 90 N. Y. 234; Appeal

of Bridesburg Mfg. Co., 106 Pa. St. 275; Note to Conn.
Mut. Life Ins. Co. v. Tucker, 91 Am. St. Rep. 590.

The claims from which Willie M. Lowry sought relief
by bill of interpleader were for labor performed and ma-
terials furnished by sub-contractors.

In the case of Mary Bell Agin and Harry Agin v.
Gainesville Planing & Coffin Company, decided at this
term of the court, we held that the separate statutory
property of a married woman cannot be charged with a
lien of a material man who was not in privity with the
owner.

As this question is fully treated in that case, it is un-
necessary to repeat the discussion here.

When the instant case was before this court at the
January term, 1917 (73 Fla. 535, 74 South. Rep. 525) we
held that the bill presented a situation in which the com-
plainants were merely stakeholders having no interest
in the fund claimed, and that the essential allegations
of a bill of interpleader were found in the bill, and that
it was not bad on attack by demurrer. In that case we
said:

"If any facts exist, not shown by the bill whose allega-
tions are admitted by the demurrer, which constitute a
valid reason why the bill of interpleader should not lie.
they are matters of defense and can be set up in the
answer."

It appearing from the answer and the testimony ad-
duced upon the hearing, that there was a dispute as to
the extent of the complainants' liability, the complain-
ants could not maintain their bill of interpleader.

Instead of dismissing the bill, the Chancellor ordered

"Willie M. Lowry, or some one in her behalf," to pay into the registry of the court $1,871.52, together with costs, and in default thereof a lien was declared against her separate statutory estate, "and that the said premises be sold to satisfy" the decree.

Under the decision in the case of Agin v. Gainesville Planing & Coffin Co., *supra,* there can be no lien against the separate statutory property of a married woman for labor done or materials furnished by sub-contractors in the erection of a building on her separate statutory property, with whom she was not privity, and the Chancellor erred in decreeing such a lien.

As there could be no decree compelling the defendants to interplead under the facts disclosed in this case, the bill should have been dismissed.

The decree is reversed with directions to dismiss the bill and tax the costs in the lower court against the complainants, and the costs of this appeal against the defendants.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.