W. GERRY MILLER v. E. L. KOKANOUR, et al.

20 So. (2nd) 797                                        January Term, 1945
February 6, 1945                                            Division B
Rehearing denied February 28, 1945

544

*Thos. M. Lockhart,* for appellant.

*G. H. Martin,* for appellee.

THOMAS, J.:

The appellant, an attorney, instituted a suit in interpleader against two realtors seeking to have them litigate between themselves their claims to money held by him representing the commission earned in procuring a purchaser for the property of his client.

We have recently, in the case of Paul v. Davis, et al., not yet reported, discussed the fundamental principles of this remedy and shall not undertake to repeat them here, particularly as we find from our examination of the record that this controversy may be determined by the application of but one of them. The salient point was developed by the testimony relevant to an issue formed on one allegation of the bill: "*Plaintiff* avers that he has no interest whatever in the . . . commission . . . and *does not know and cannot ascertain which of the said defendants is entitled to it* . . . ." (Italics supplied.)

The master found that the plaintiff had "wholly failed to sustain" the allegation we have quoted, and the exceptions to his report were overruled by the chancellor, who ordered the case dismissed.

The evidence abundantly refutes the assertion of the plaintiff that he did not know and could not determine whom he owed. We use the title "plaintiff" and "owner" synonymously because clearly the real party in interest is the client for whom the attorney brought the suit as a nominal plaintiff. The purchaser of the property was positive in the statement that an associate, or representative, of only one of the defendants exhibited the property to her and induced her to buy it; that the other defendant had no part in the transaction and was not known by her to have had any authority from the owner to solicit purchasers. The latter had had an "exclusive listing" of the lots, but this expired before the sale was effected by the former; so he could not have had even a vicarious interest in the compensation.

One of the owners became a witness in the case. According to her testimony, the realtor whose listing had expired did not know what broker had negotiated the sale or what person had purchased the property until she told him. The owners well knew of the expiration of the listing, because parties to it, and the obligation to the broker who eventually made the sale. Not only had he been engaged for the purpose, but the other broker in his ignorance of the action obviously could have had no part in it.

The master found, we think quite properly, that in these circumstances and by the process of elimination lack of intelligence of an obligation to one of the defendants could not be successfully urged. In such a situation plaintiff could not by interpleader burden them with litigating the point between themselves, for in all events he was supposed to know whether he owed one of them. Fogg v. Goode, 78 Fla. 138, 82 So. 614. By the testimony in this case that feature was translated from a supposition to a practical certainty.

The decree of the chancellor is

Affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.