WALDEN, Judge.
These two cases have been consolidated.
Plaintiff, Doyle Conner, as Commissioner of Agriculture for the State of Florida, successfully brought an action in inter-pleader in the Circuit Court of Palm Beach County to determine the respective rights and interests of first handlers to funds in his possession which had been collected pursuant to Chapter 573, Florida Statutes, F.S.A. This appeal is sought to determine whether the granting of that interpleader by the circuit court was proper.
On October 18, 1967, the Supreme Court of Florida held Section 573.21(1), F.S. 1963, F.S.A., unconstitutional “ * * * to the extent that they authorize the appellant Commissioner to levy and collect the questioned assessments.” Conner v. Joe Hatton, Inc., Fla.1967, 203 So.2d 154.
The question arose as to how to dispose of those now unconstitutional assessments which had already been collected. Defendant on two separate occasions (Nov. 22, 1967, and Dec. 6, 1967) made a claim upon the Comptroller and Commissioner of Ag *783 riculture; to no avail. On December 7, 1967, the Sweet Corn Advisory Committee recommended that the Commissioner of Agriculture refund the money on hand ($26,764.81), pursuant to Section 573.21(3), F.S.1963, F.S.A., which had not been declared unconstitutional and provided that “ * * * Any moneys remaining in such fund, at the discretion of the advisory committee may be refunded at the close of any marketing season upon a pro rata basis to all persons from whom such funds were collected * * Some of the interested parties demanded attorney’s fees for presenting a claim to the Commissioner of Agriculture and Comptroller of the State of Florida for refund and some demanded that the refund be for the full amount paid over the four year period before Section 573.21(1) was declared unconstitutional. Therefore, plaintiff deposited the disputed funds in the Registry of the Court and brought this action in interpleader to determine the respective rights and interests in these funds.- In so doing plaintiff sought to be discharged from all liability for the payment of said funds to defendant, and to be awarded costs and reasonable attorney’s fees.
Defendants, Joe Hatton, Inc.; Brock and Baker, Inc.; William D. Gressinger, Robert M. Gressinger, Paul L. Gressinger and James G. Gressinger, d/b/a Gressinger and Sons, filed a motion to dismiss the complaint for failure to state a cause of action and to strike that portion of the complaint seeking recovery of attorney’s fees and costs. The lower court denied the motion to dismiss and reserved ruling on the motion to strike. Defendants then filed their answer and counterclaim, seeking a declaration of rights under Chapter 573, Florida Statutes, pursuant to Chapter 86, Florida Statutes 1967, Declaratory Judgments Act, and asserting equitable claim on the fund for establishing it.
Plaintiff moved to dismiss the counterclaim and moved for summary judgment. On September 16, 1969, the court entered an order which dismissed defendant’s counterclaim and granted him ten days to file cross-claims against the other defendants; denied defendant’s motion to strike that portion of the complaint relating to costs and attorney’s fees; denied plaintiff’s motion for summary judgment but, upon the determination of the amount of attorney’s fees and costs due him, dismissed plaintiff from the cause.
Defendant filed an interlocutory appeal from these orders. Since this appeal has been pending, the trial court has made a final judgment and appellant, urging the same grounds, joins an appeal from final judgment to his interlocutory appeal.
Four points are presented for our consideration on appeal.
First, whether retention and spending of funds by the Commissioner of Agriculture pursuant to the “Celery and Sweet Corn Marketing Act” was proper.
Second, whether the interpleader action brought by the Commissioner of Agriculture was the proper method to be used in returning the funds in question.
Third, whether dismissal of the commissioner with fees and costs was proper.
Fourth, whether defendant Conner may recover his expenses, including fees and costs, incurred in establishing the inter-pleaded fund.
The first point is improper for consideration by this court since it was raised for the first time on appeal. The second point is crucial. The third and fourth points follow as a matter of course from our determination on the second point.
We direct our attention, then, to a consideration of that second point. It is important to remember in discussing this point that we are only concerned with the question of whether interpleader was proper method for returning the funds on hand, and we do not consider whether those funds were properly on hand, nor do we *784 determine any other claims which appellants may have against appellee.
The order of the trial court is as follows :
“The defendant, Joe Hatton, Inc., again raises the question of the propriety of the plaintiff’s cause of action, i. e., in-terpleader. Said defendant relies on the case of Paul v. Harold Davis, Inc., Fla., 20 So.2d 795, and other general statements of the law applicable to inter-pleader. Cases such as Paul v. Davis, and Miller v. Kokanour, Fla., 20 So.2d 797, and general statements of the conditions precedent to interpleader make it difficult at first blush to determine whether this is a proper suit for inter-pleader. However, with the adoption of the rule in 1962, interpleader was liberalized and some of the rigid exactions of prior equity practice were removed. The rule is intended to prevent a multiplicity of actions and circuity of litigation, thus protecting the stakeholder. 30 F.S.A. pg. 350; 17 University of Miami Law Review, 302; 2 Barron & Holtzoff Federal Pr. & Proc. pg. 225, et seq. Here we have the plaintiff with a fund remaining in his hand after the statute authorizing its collection has been declared unconstitutional. His only statutory authority to refund is pro rata. 573.21(3), F.S.A. But some of those interested in the fund demand a return of their entire contribution. This would appear to be a classic case for interpleader under the present rule.”
We feel that the Circuit Judge, Judge Downey, was eminently correct. The commissioner would have been acting within his authority had he refunded the money on hand pro rata to the first handlers pursuant to Section 573.21(3), but the claims of appellants to a share greater than that received by a pro rata distribution would justify the commissioner in seeking interpleader to determine whether these claims were valid.
We have very carefully considered appellant’s arguments and find them without merit.
Appellant argues first that interpleader should not be allowed because the Commissioner of Agriculture by seeking inter-pleader is attempting to limit his liability to each of the claimants in such a way that all claims must be satisfied only out of the funds on hand.
However, as stated at the outset, we do not determine any issue of liability except with regard to those funds interpleaded, that is, we do not consider nor dispose of any claims that defendants may have against the commissioner or comptroller for prior assessments, we only determine that those funds on hand may be properly refunded pursuant to 573.21(3). Furthermore, we have examined the complaint and can find no language therein which attempts to limit liability, other than to the funds on hand. Lest there be any possible doubt, we read that complaint as only applying to the funds on hand, and not to all funds collected.
Appellant next argues that the commissioner is not indifferent as between claimants because by refunding funds on hand pursuant to Section 573.21(3), F.S.1963, F. S.A., which is pro rata to all first handlers, he is discriminating against those first handlers who have filed claims, three in number, and who would receive a greater portion through a judgment on their claims.
Once again, it is our position that we do not consider the validity of the actions to recover payment, but rather consider only the propriety of the interpleader. To elaborate, appellant claims “ * * * an action on a contract implied in law will lie to recover a payment made to a governmental agency under a law that is subsequently declared invalid by the courts. 28 Fla.Jur., Restitution and Implied Contracts, page *785 289; St. Johns Electric Co. v. City of St. Augustine, Fla.1921, 81 Fla. 588, 88 So. 387.” This may be true, and may be grounds to recover the unconstitutional assessments but there is nothing which requires such recovery to be out of this particular fund, while there is a very specific provision in the statutes which provides for distribution of monies in this fund. To put it as succinctly as possible: (1) appellant claims interpleader should not be granted because the commissioner is not disinterested; (2) he is not disinterested because (a) he wants to limit his liability, (b) by returning pro rata he is discriminating against those who have filed claims. But under our construction this argument must fail: (1) because we do not consider liability except as to those funds on hand; (2) the claim exists against the commissioner or comptroller and not against the fund, therefore, return pro rata cannot discriminate against those filing claims, since those claims are not against the fund.
Finally, appellant contends that the commissioner is not entitled to interplead where the funds deposited are not all of the funds to which claim is made, citing Lowry v. Downing Mfg. Co., Fla.1920, 80 Fla. 745, 87 So. 65. This argument is irrelevant. The fund does not represent the amount allocated to a total satisfaction of all claims, but merely represents the amount left on hand at the end of the marketing year which the commissioner is seeking to refund pursuant to Section 573.-21(3), F.S.1963, F.S.A.
In conclusion, we reiterate our feeling that the decision of Judge Downey was eminently correct. Once the funds were deposited in the Registry of the Court the commissioner had no interest in the outcome of the conflicting claims, was not seeking interpleader for his own protection, and was therefore properly dismissed with costs and attorney’s fees. Miller v. Gulf Life Ins. Co., Fla.1941, 3 So.2d 519; Brown v. Marsh, Fla.1929, 98 Fla. 253, 123 So. 762; DeGarcia v. Seiglie, Fla.App.1970, 230 So.2d 37.
Affirmed.
REED, J., and McCAIN, DAVID L., Associate Judge, concur.