ANSTEAD, Judge.
This is an appeal from a final judgment declaring the marriage between the deceased, Philip Sadow, and the appellant, Doris Jean Sadow, invalid by reason of the deceased’s incompetency.
Philip Sadow married the appellant on November 19,1975. At the time he was 80 years of age and she was 46. Although there was conflicting testimony about his mental condition, the evidence was undisputed that Philip was in very poor health and suffered from various afflictions, including Parkinson’s disease and cancer. He died on February 17,1976. Extensive testimony was presented by both sides as to Philip’s mental condition both prior to and after the marriage.
The appellant initially claims that there was not sufficient evidence to sustain the trial court’s finding that Philip Sadow was incompetent at the time of the marriage. However, our review of the record reveals that although the evidence was in conflict, there was abundant evidence to support the trial court’s determination.
The appellant also claims that the trial court erroneously failed to consider whether Philip Sadow ratified the marriage of No *846 vember 19, 1975, by his actions subsequent thereto. This argument is not supported by the record. The issue being tried by the court was whether the marriage of November 19, 1975, was valid. The appellees attempted to prove the marriage was invalid by showing that Philip was not only incompetent on November 19, 1975, but that he was incompetent prior thereto and remained incompetent thereafter until the time of his death. The appellant asserts that even if there is a question of Philip’s competency on November 19, that question is resolved by the proof submitted that Philip subsequently acknowledged and ratified the marriage. That proof, even if accepted, would have only served to validate the marriage which took place on November 19. But that proof was controverted. The net result is that the trial court found the marriage to be invalid, and there is substantial evidence in the record to support that conclusion.
In addition we note that, after the close of the evidence at the trial, the appellant argued to the trial court:
The relevance [sic] date for determining the competency to contract marriage is the date of the marriage. Now, evidence prior to that date, evidence subsequent to that date, is probative, but it is not conclusive.
No mention of ratification was made in appellant’s argument to the trial court. A review of the record shows that the issue of ratification is being formally raised by the appellant for the first time on appeal. The issue was not raised by pleading, motion, argument, or petition for rehearing in the court below; and there is no specific assignment of error directed to the issue. Presumably, the issue is being raised here under the general complaint that the trial court erred in entering judgment against the appellant. We do not believe the appellant can fault the trial court under these circumstances.[1]
Accordingly, the judgment of the trial court is affirmed.
DAUKSCH, J., and CRAWFORD, GRADY L., Associate Judge, concur.

. Nicholas v. First Interstate Development, 315 So.2d 238 (Fla. 4th DCA 1975); Joe Hatton, Inc. v. Conner, 247 So.2d 782 (Fla. 4th DCA 1971); Morrison v. Thoelke, 155 So.2d 889 (Fla. 2d DCA 1963).