[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR INTERLOCUTORY JUDGMENT OF INTERPLEADER (FILE #117)
On March 9, 1994, plaintiff, Textron Lycoming, Inc. [Textron], filed a one count interpleader action against the defendants, Peterson Engineering Co. [Peterson], Connecticut State Council of Carpenters Statewide Pension and Health Funds [State Council], Frank P. Gillon, Jr., Trustee [Gillon], Connecticut Air Systems, Inc. [Connecticut Air], Manson CT Page 11512 Electric Construction Co. [Manson], Buckingham Routh Co. [Buckingham], Dwight Foote, Inc. [Foote], and Sinco, Inc. [Sinco]. In its interpleader complaint, Textron alleges that it is indebted to Peterson in the sum of $70,123.54 [the Fund], consisting of $57,001.54 owed by Textron to Peterson pursuant to a contract between them for the repair and renovation of U.S. Army owned P7 and P8 test cells by Peterson, and $13,122 owed by Textron to Peterson on two purchase orders, which are unrelated to the contract. Textron alleges that Peterson claims an interest in the Fund by virtue of the contract and the purchase orders, and, that all of the remaining defendants claim an interest in the Fund by virtue of garnishments, property executions, or subcontracts.[1] The cumulative amount of all of the interests of the defendants named by Textron exceeds the amount of the Fund. Textron alleges that a dispute has arisen between the defendants by virtue of competing claims to the Fund. Textron further alleges that it "has and claims no interest in the Fund," and, as stakeholder, seeks an interlocutory judgment of interpleader requiring the defendants to interplead concerning their respective claims to said Fund.
On April 28, 1994, Manson filed an answer and three count counterclaim. In the first count of its counterclaim, Manson alleges that Textron and Peterson entered into an agreement that half of all future payments made by Textron to Peterson would be paid over to Manson until Manson was paid in full. Manson alleges that Textron requested it to complete work on its contract with Peterson and assured Manson that it would be paid. Manson alleges that Textron breached an implied contract with Manson by failing to pay Peterson sufficient funds to assure full payment to Manson. In the second count, Manson alleges that it was a third party beneficiary to the agreement between Textron and Peterson, and that Textron breached its duty to Manson. In the third count, Manson alleges that Textron made negligent misrepresentations that payment would be made to Manson.[2]
On May 3, 1994, Sinco filed an answer and statement of claim. On May 27, 1994, Foote filed an answer, special defense, counterclaim, and cross claim. In its special defense, Foote alleges that the plaintiff is not a mere stakeholder in the fund, but has made representations, and has incurred obligations, to certain parties in this matter that transcend the traditional stakeholder claim. In its CT Page 11513 counterclaim, Foote alleges, inter alia, violations of the Connecticut Unfair Trade Practices Act [CUTPA], General Statutes § 42-110a et seq. In the cross claim, Foote alleges that it has recovered a judgment against Peterson, so that any sums due Peterson from Textron are due to Foote.[3]
On June 9, 1994, Gillon filed an answer, special defenses and counterclaim. In the first special defense, Gillon alleges that Textron is not a stakeholder, but instead is a party having an interest in the subject matter of the action, and therefore, does not meet conditions precedent to invoking the remedy of interpleader under General Statutes § 52-484. In the second special defense, Gillon alleges that other persons, not parties to this action, also have an interest in the Fund. In its third special defense, Gillon alleges that pursuant to Court orders, entered in actions brought by Gillon against Peterson in United States District Court, Gillon has served executions upon Textron and that the latter has neglected and refused to pay in accordance with said court order(s). Gillon alleges Textron has retained monies due on the executions for the purpose of satisfying Peterson's indebtedness to Textron, and/or, has distributed the money to itself, and others, in violation of General Statutes § 52-356(a). Gillon alleges, additionally, that Textron should not be afforded an opportunity to avoid its obligations and responsibilities imposed by statute, by invoking the equitable remedy of interpleader. In its two count counterclaim, Gillon alleges that as a result of Textron's violation of § 52-356(a), and the court orders in the two actions brought in District Court, Textron is indebted to Gillon for the amounts owing on the District Court judgments. On June 10, 1994, the State Council filed an answer and statement of claim.
On June 17, 1994, Textron filed this motion for an interlocutory judgment of interpleader. In support of the motion, Textron submitted a copy of its complaint and an affidavit of attorney's fees. Textron seeks an interlocutory interpleader requiring that (1) the defendants interplead together stating their respective claims to the Fund; (2) Textron be entitled to retain the sum of $3,907.17 from the Fund for costs and attorney's fees incurred in this action; (3) Textron deposit with the Clerk of Court the sum of $66,216.37; and, (4) upon Textron's compliance with the interpleader order, Textron be discharged from any and all liabilities to defendants relative to all matters which are CT Page 11514 the subject of the Court's order.
On July 5, 1994, Foote filed an objection to the motion for interlocutory judgment of interpleader. In its objection, Foote claims that Textron's interpleader action does not meet the four conditions set forth in Blanchard v. Voghel, 12 Conn. Sup. 210
(C.P. 1943). Foote asserts that Textron does not meet the condition requiring that it has incurred no independent liability to any of the claimants, and stands indifferently between them merely as a stakeholder. Foote asserts that several defendants have viable actions against Textron directly, and therefore, Textron is not a mere innocent bystander in that it has made several representations to individual contractors, and subcontractors, that they would be paid directly, or that their money would be withheld, or that they need not file claims because their payments were protected.
On July 7, 1994, Gillon also filed an objection to Textron's motion for an interlocutory judgment of interpleader. In its objection, Gillon asserts that Textron is not a stakeholder because it is personally liable to Gillon for those amounts subject to outstanding executions, and therefore, has incurred independent liabilities. Gillon maintains that the facts of this case do not meet the requirements necessary for the institution of an interpleader action pursuant to General Statutes § 52-484; that is, Textron has incurred independent liabilities to Gillon, and therefore, does not stand in the position of a stakeholder.
On July 25, 1994, Peterson filed its objection to Textron's motion for an interlocutory interpleader, accompanied by the affidavit of William B. MacFarland, President of Peterson. Peterson asserts that Textron withheld funds from Peterson based upon its own determination that Peterson's work was defective, and therefore, the amount of the Fund has been improperly reduced, not representing the amount actually due and owing Peterson from Textron. Peterson claims that the interpleader statute was not designed for a situation such as this where a party pays into court only that amount it believes to be correct.
Peterson contends that this interpleader motion is premature in that the court has not heard evidence relating to the respective claims of the parties against plaintiff, which CT Page 11515 would show that plaintiff is not a mere stakeholder, and, that the plaintiff is not entitled to be discharged, but must pay substantial additional funds into court to render this a proper interpleader proceeding. In the affidavit accompanying Peterson's objection, its President, Mr. MacFarland, attests to the following facts. Textron entered into a contract to perform certain work for an agreed amount of approximately $1,200,000. Upon completion of the work in March 1993, there was a balance of $175,507.54 due Peterson. This figure was agreed upon by Textron and Peterson in October and November, 1993. Peterson authorized and directed Textron to make payment on certain claims of some of the defendants in this action out of the remaining balance. On February 2, 1994, Textron suddenly stated that it had found defects in the work performed by Peterson, and made the unilateral decision that it would pay only $70,123.54. Peterson objected, but was denied any right to enter Textron's premises to inspect any of the claimed defects. Textron illegally and improperly refused to pay the required contract amount to Peterson, and illegally and improperly reimbursed itself from Peterson's funds in the amount of $56,764.63. Textron is now attempting to use the interpleader statute in an improper manner as a means of determining its overall liability to Peterson, who claims that the amount of the fund owed by Textron is more than the amount Textron wishes to pay into court, and be relieved from liability thereafter. It is Peterson's position that Textron has an independent liability to it.
"Interpleader is a procedural device which enables a person holding money or property which is claimed by two or more other people to bring together all adverse claimants in a single proceeding for a complete adjudication of the matters in controversy. . . . Interpleader is a broad joinder device to facilitate consolidation of related claims so as to avoid multiple litigation as well as protection against multiple liability." E. Stephenson, Connecticut Civil Procedure § 263 p. 1088 (2d Ed. 1971, as updated to 1981). General Statutes § 52-484, entitled "Action in nature of interpleader," provides, in pertinent part:
 Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to CT Page 11516 any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property.[4]
Interpleader involves a two stage procedure; first, the court must determine whether interpleader is appropriate under the circumstances, and second, the court must determine the merits of the various claims. A motion for an interlocutory judgment of interpleader is heard at short calendar and an evidentiary hearing may be held if necessary. If the interpleader is improper, the complaint is subject to dismissal. See: E. Stephenson, Connecticut Civil Procedure
§ 263 p. 1094 (2d Ed. 1971, as updated to 1981). The stakeholder has the burden of proving facts entitling him to interplead. See: 48 C.J.S. Interpleader § 45.
A bill "in the nature of a bill of interpleader" has been distinguished from a "bill of interpleader" on the basis that there are grounds of equitable jurisdiction other than the mere right to compel defendants to interplead, and a complainant may seek some affirmative equitable relief. "The difference is that in a strict equitable interpleader, plaintiff is a disinterested stakeholder, while in an action in the nature of interpleader, he is himself a claimant, whether directly or by denying the validity of some or all of the other claims." See: 48 C.J.S. Interpleader § 9, pp. 132-33.
Four conditions are necessary to entitle a stakeholder to maintain a bill of interpleader: (1) the same thing, debt or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; and, (4) the plaintiff must have incurred no independent liability to any of the claimants, but must stand indifferent between them merely as a stakeholder. Crozier v.Zaboori, 14 Conn. App. 457, 459-60 n. 2, 541 A.2d 531 (1988), citing Blanchard v. Voghel, supra. See: 30 Am.Jur.,Interpleader, Sec. 8, p. 218. However, since Section § 52-484
provides for an action in the nature of interpleader, it appears that the party initiating an interpleader can be not only the stakeholder, but also one of the claimants. See: E. Stephenson, Connecticut Civil Procedure, § 265, p. 1092; Lodav. H. K. Sargeant Associates, Inc., 188 Conn. 69, 74, CT Page 11517448 A.2d 812 (1982).
In this case, Textron claims to be a stakeholder, not a claimant. The defendants, on the other hand, assert that Textron has incurred independent liabilities to various defendants, and has an interest in the Fund. Peterson contends that the amount of the Fund that Textron claims to hold as a stakeholder is incorrect and that it should be approximately $175,000, not approximately $70,000. It is Peterson's position that prior to instituting this interpleader action, Textron improperly unilaterally deducted from the amount still due to Peterson approximately $105,000 for work which Textron claimed was defective.
"In some cases in which a court might have the authority to allow . . . interpleader, the remedy has been withheld because the stakeholder's conduct has evidenced a lack of equity." 7 Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 1709 (2d Ed. 1986, as updated to 1994). Under federal interpleader, "[i]f the stakeholder desires to dispute the amount of his obligation, in whole or in part, it is necessary that he deposit or give bond for the largest amount that is in dispute, and plead that the amount is disputed and that only a specified amount or none thereof is admitted to be due." 3A Moore's Federal Practice § 22.10 (2d Ed. 1991).
In Florida East Coast R. Co. v. Eno, 99 Fla. 887,128 So. 622, 626, 70 A.L.R. 505, 512 (1931), the Court stated:
 "There is no dispute here as to the amount of money the complainant offers to bring into court. In that respect this case differs from Lowry v. Downing, on second appeal, 80 Fla. 745, 87 So. 65 [1920], wherein it was held that a bill of interpleader would not lie, because it was there established, upon proof, that the complainant had first unjustifiably adjusted his own claims against the funds by making certain deductions therefrom, and then sought to compel the defendants to interplead as to the remainder."[5]
(Emphasis added.)
As stated, Section 52-484 provides for a bill in thenature of interpleader, rather than a bill of interpleader; thus, under the Connecticut statute, a plaintiff may be a claimant rather than an innocent stakeholder. See:CT Page 11518Triangulum Associates v. Harrison Conference Center ofHeritage Village, Inc., et al, 4 Conn. L.Rptr. 305, 306 (1991) ("At common law, a claimant could not initiate an interpleader," but "Connecticut law provides a statutory innovation . . . which enables a claimant to be a proper plaintiff to an interpleader action."). See also: the factual scenario in Loda v. H.K. Sargeant Associates, Inc., 188 Conn. supra at p. 74, cited by the Court in the Triangulum
decision. Plaintiff in the present case, however, has alleged that it is an innocent stakeholder regarding this Fund (as opposed to a claimant), and defendants' responsive pleadings place such allegation(s) in issue; furthermore, both the complaint, and this motion requesting an interlocutory judgment, request the usual relief under existing law[6]including discharge from all liabilities to the defendants upon payment of the Fund to the court. No evidence was offered, or presented, on the existing disputed issues of Textron's status as an innocent stakeholder who should properly be discharged from any liability upon entry of an impleader judgment, and most importantly, on the proper amount of the Fund to be paid into the court. As observed inHartford Federal Savings and Loan Assn. v. Bent Bent RealEstate, Inc., et al, Conn. Law Trib. p. 2 (11/9/76), evidence may be received when the pleadings raise factual issues the resolution of which is necessary for an equitable determination with regard to a request for a interlocutory interpleader judgment. It is the court's view, after a careful review of the entire file, and an analysis of the applicable authorities, that an equitable determination on plaintiff's motion requires the offering of evidence on the disputed factual issues recited above. Accordingly, it is the ruling of the court that no decision be rendered on plaintiff's motion for an interlocutory judgment of interpleader, and discharge of liability, until said motion is reclaimed for an evidentiary proceeding with respect to the limited issues of fact discussed herein.
Mulcahy, J.